IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JERMELL PENNIE and DON'T DISMYABILITIES, INC.** § § §  **Plaintiffs,** § § **v.** § § **LEGENDS BAR & GRILL, LLC, LUCKY** § **DUNCANVILLE CROSSING, L.P. and** § **LUCKY PROPERTY, INC.,** § **Defendants** | | CIVIL ACTION NO. 3:16-CV-2682  DISABILITY ACCOMMODATIONS DISCRIMINATION COMPLAINT  ECF |

## COMPLAINT

### INTRODUCTION

1. This action arises under Title III of the Americans with Disabilities Act,[1] the Texas Architectural Barrier Act,[2] and the Texas Human Resources Code.[3] Jermell Pennie is an individual with a mobility impairment disability. Don't Dismyabilities, Inc. is an organization of individuals with disabilities who are mobility impaired. They bring this civil rights claim against Lucky Duncanville Crossing, L.P., Lucky Property, Inc., and Legends Bar & Grill, LLC for owning and/or operating facilities that are not readily accessible to and usable by individuals with disabilities and for failing to comply with the TABA, thereby violating Mr. Pennie's rights and the rights of Don't Dismyabilities, Inc.'s members under the THRC.

2. Plaintiffs seek a permanent injunction to enjoin Defendants from engaging in these unlawful practices, seeks the removal of architectural barriers that discriminate against individuals with mobility impairment disabilities, and declaratory relief, along with damages for violations of civil rights, along with attorney's fees and the costs of litigation.

### JURISDICTION

3. This Court has jurisdiction over the federal claims brought in this action under 28 U.S.C.

---

[1] 42 U.S.C. § 12101 et seq., (the "ADA").

[2] Tex. Gov't Code Ch. 469 (previously, Texas Revised Civil Statutes, Article 9102 et seq.) (the "TABA").

[3] Tex. Hum. Res. Code § 121.001 et seq. (the "THRC").

§1331 and 42 U.S.C. §12188 and supplemental jurisdiction over the state claims under 28 U.S.C. §1367.

## BACKGROUND

4.  More than 25 years ago Congress determined that people with disabilities were being discriminated against by entities such as Defendant. Specifically Congress found the following:

    a.  some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    * * * *

    e.  individuals with disabilities continually encounter various forms of discrimination, including ... the discriminatory effects of architectural ... barriers [and] ... failure to make modifications to existing facilities ...;"[4]

5.  As a result of these findings the Congress passed the Americans with Disabilities Act to remedy these injustices. And specifically:

    a.  to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    b.  to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;[5]

6.  The Americans with Disability Act Accessibility Guidelines (the "ADAAG" or the "Standards")[6] were adopted by the Department of Justice as standards for accessible design to carry out the provisions of the ADA as directed by Congress.[7]

7.  In an effort to prevent discrimination against persons with disabilities, Texas passed the Texas Architectural Barrier Act , stating, "This chapter is intended to further the policy of this state to encourage and promote the rehabilitation of persons with disabilities and to eliminate, to the extent possible, unnecessary barriers encountered by persons with disabilities whose ability to engage in gainful occupations or to achieve maximum personal independence is needlessly

---

[4] 42 U.S.C. §12101(a).
[5] 42 U.S.C. §12101(b).
[6] 28 C.F.R. Part 36, Appendix A.
[7] 42 USC §12186(b).

---

*COMPLAINT*     Page 2

restricted."[8]

8.  The intent of the TABA was "...to ensure that each building and facility subject to this chapter is accessible to and functional for persons with disabilities..."[9]

9.  The Texas Accessibility Standards[10] adopted under the TABA apply to "a privately funded building or facility that is defined as a "public accommodation" by Section 301, Americans with Disabilities Act of 1990 (42 U.S.C. Section 12181), and its subsequent amendments, and that is constructed, renovated, or modified on or after January 1, 1992".[11]

## *PARTIES*

10.  Plaintiff, Jermell Pennie is an individual with a disability within the meaning of Title III of the ADA and the TABA, and a "Person with a disability" as defined by THRC, in that he has a physical impairment that substantially limits one or more of his major life activities.  He is "disabled" because of a because of a spinal cord injury and uses a wheelchair for purposes of mobility.

11.  Don't Dismyabilities, Inc. ("DDMA") is a not for profit Texas corporation organized exclusively for charitable, religious, educational, and scientific purposes.  The goal of DDMA is to protect the legal rights of persons with mobility impairment disabilities.  DDMA seeks the removal of architectural barriers from government entities, places of public accommodation, commercial facilities, along with employment and living environments.  DDMA attempts to resolve failures to accommodate in places of public accommodation, and failing voluntary compliance, to force the removal of architectural barriers that are structural in nature through litigation and injunctive relief.

12.  Each individual member of DDMA is a resident of the State of Texas and an individual with a disability within the meaning of the ADA 3(2), 42 U.S.C. 12102(2), in that each individual

---

[8] TEX. GOV'T CODE §469.001(c).

[9] TEX. GOV'T CODE §469.001(a).

[10] 16 TEX. AMIN. CODE, § 68 (1994) Tex. Dept. Lic. & Reg. (the "TAS"). The TAS sections are exactly the same as the ADAAG sections cited herein and were copied verbatim from the ADAAG as applied to the architectural barriers described in this pleading.

[11] TEX. GOV'T CODE, Sec. 469.003(a)(4).

member has a physical impairment that substantially limits one or more of his/her major life activities, and requires the use of a wheelchair or other assistance device for purposes of mobility.

13.     Lucky Duncanville Crossing, L.P. ("Lucky, LP") is listed by the Texas Secretary of State as a Domestic For Limited Partnership.  Nancy Dai is listed as its registered agent at 6309 Hidden Springs Ln, Garland, TX 75044 and she may be served at that address.

14.     Lucky Property, Inc. ("Lucky, Inc.") is listed by the Texas Secretary of State as a Domestic For Profit Corporation and as the general manager of Lucky, LP. Nancy Dai is listed as its president and registered agent at 6309 Hidden Springs Ln, Garland, TX 75044 and she may be served at that address.

15.     Legends Bar & Grill, LLC ("Legends") is listed by the Texas Secretary of State as a Domestic Limited Liability Company.  Jacques Franklin is listed as its president and registered agent at 713 Chalk Hill Ln, DeSoto, TX 75115 and he may be served at that address.

## *FACTS*

16.     Lucky, LP and Lucky, Inc. are private entities within the meaning of the ADA.[12]

17.     Defendant Lucky, LP is listed by the Dallas County Appraisal District as the owner of the real property located at 700 S. Cockrell Hill Rd, Duncanville, Texas ("the Property").[13]

18.     The Property is a strip shopping center – a privately funded building or facility that is defined as a "public accommodation" by Section 301, Americans with Disabilities Act of 1990, 42 USC §12181(7)(E).

19.     The Property houses a number of other public accommodations, including retail stores, tax services, medical clinic, and beauty salons and nail services, and a restaurant bar – Legends Bar and Grill.[14]

20.     Legends is listed by the Dallas Central Appraisal District as the owner of the business

---

[12] 42 USC §12181(6).

[13] *See* Exhibit A, Photos 1, 2, and 3.

[14] 42 USC §12181(7)(B), (E), (F), and (J).

*COMPLAINT*                                                                                                                 Page 4

personal property located at 700 S. Cockrell Hill Rd, Duncanville, Texas that is Legends Bar & Grill.

21.     Legends is a private entity within the meaning of the ADA.[15]

22.     Legends Bar & Grill is a restaurant, bar, or other establishment serving food or drink, and a public accommodation.[16]

23.     Legends is the tenant of Lucky, LP at the Property and operates Legends Bar & Grill.

24.     Lucky, LP is the landlord of Legends at the Property and the Legends Bar & Grill real property owner.

25.     Legends Bar & Grill is a "a privately funded building or facility that is defined as a 'public accommodation' by Section 301, Americans with Disabilities Act of 1990 (42 U.S.C. Section 12181), and its subsequent amendments."[17]

26.     Legends Bar & Grill is subject to the requirements of Title III of the ADA and the TABA.

27.     The first certificates of occupancy for the Property were issued before January 26, 1993. Thus, the Property is defined as an "existing facility" under the ADA.[18]

28.     Prior to instituting this suit, Mr. Pennie visited Legends Bar & Grill and encountered a variety of architectural barriers, including inaccessible parking, not correctly designed or configured, not correctly placed, no accessible route to, into, and throughout the facility, and inaccessible bathrooms in Legends Bar & Grill.

29.     A complete list of the violations at these locations are more appropriately dealt with in an expert's report after a complete site review of the facility and Mr. Pennie and DDMA will provide a complete report to the Defendants once they and their representatives have had an opportunity to conduct formal discovery.

---

[15] 42 USC §12181(6).

[16] 42 USC §12181(7)(B), "a restaurant, bar, or other establishment serving food or drink."

[17] Tex. Gov't Code §469.003(a)(4).

[18] 28 CFR part 36.401.

30.     Both the ADAAG and TAS require that where a public accommodation provides parking spaces for self-parking by employees or visitors, or both, it must also provides accessible parking for the disabled as defined in ADAAG/TAS §508 in a number determined by ADAAG/TAS §208, Table 208.2.[19]  One in six required to accessible are required to be van accessible.[20]

31.     The accessible parking is required to be located on the shortest accessible route from parking to the entrance.[21]

32.     The Property provides parking spaces for self-parking by employees or visitors, or both.[22]

33.     However, when Mr. Pennie visited the Legends Bar & Grill prior to instituting this suit, he discovered it had no correctly designed and configured accessible parking spaces.[23]

34.      There are two parking spaces designated accessible, but marked with incorrectly configured signage and two other spaces that appear to once have designated accessible, but the access signs are missing and the painting on the concrete is so faded that it is unreadable.

35.     All have curb ramps that come down into the access aisles that is specifically prohibited by the ADA Accessibility Guidelines and as a result, there is no accessible route from what parking is there to any public accommodation entrance.

36.     There is no designated van accessible parking.

37.     The Legends Bar & Grill has a restroom that has made no effort to comply with the ADAAG and is completely inaccessible to an individual in a wheelchair.[24]

38.     Because Mr. Pennie is an individual that uses a wheelchair, he was unable to use that

---

[19]ADAAG/TAS §208.2 Minimum Number. Parking spaces complying with 502 shall be provided in accordance with Table 208.2 except as required by 208.2.1, 208.2.2, and 208.2.3.

[20]ADAAG/TAS §208.2.4 Van Parking Spaces. For every six or fraction of six parking spaces required by 208.2 to comply with 502, at least one shall be a van parking space complying with 502.

[21]ADAAG/TAS §208.3.1 General. Parking spaces complying with 502 that serve a particular building or facility shall be located on the shortest accessible route from parking to an entrance complying with 206.4

[22]*See* Exhibit A,

[23]*See* Exhibit A, photos 4, 5, and 6. ADAAG/TAS §208.2 Minimum Number. Parking spaces complying with 502 shall be provided in accordance with Table 208.2 except as required by 208.2.1, 208.2.2, and 208.2.3. Where more than one parking facility is provided on a site, the number of accessible spaces provided on the site shall be calculated according to the number of spaces required for each parking facility.

[24]*See* Exhibit B,

bathroom. As a result, to his mortification, he urinated on himself while on a date.

39. In existing facilities the ADA places an ongoing obligation on all public accommodations to remove architectural barriers, if that removal is readily achievable. Readily achievable means easily accomplishable and able to be carried out without much difficulty or expense.[25]

40. In determining whether an action is readily achievable factors to be considered include, among others:

> (1) The nature and cost of the action needed under this part;
>
> (2) The overall financial resources of the site or sites involved in the action; the number of persons employed at the site; the effect on expenses and resources; legitimate safety requirements that are necessary for safe operation, including crime prevention measures; or the impact otherwise of the action upon the operation of the site;[26]

41. The Justice Department has set out the priorities for barrier removal. Specifically the Justice Department has determined as follows:

> (c) Priorities. A public accommodation is urged to take measures to comply with the barrier removal requirements of this section in accordance with the following order of priorities.
>
> (1) First, a public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp, widening entrances, and providing accessible parking spaces.
>
> (2) Second, a public accommodation should take measures to provide access to those areas of a place of public accommodation where goods and services are made available to the public. These measures include, for example, adjusting the layout of display racks, rearranging tables, providing Brailled and raised character signage, widening doors, providing visual alarms, and installing ramps.
>
> (3) Third, a public accommodation should take measures to provide access to restroom facilities. These measures include, for example, removal of obstructing furniture or vending machines, widening of doors, installation of ramps, providing accessible signage, widening of toilet stalls, and installation of grab bars.[27]

---

[25] 42 USC 12182(b)(2)(A)(iv); 28 CFR Part 36.304(b).

[26] 28 CFR part 36.104 Definitions.

[27] 28 CFR part 36.304(c).

---

*COMPLAINT*

42. The Property and its public accommodation tenants, like all public accommodations, has been under the obligation to comply with the ADA and TABA since January 26, 1992. Since that time it has failed to remove barriers from the Property and provide correct parking and accessible routes from the parking to its public accommodation's entrances.

43. Under the ADA discrimination includes a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs when facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof.[28]

44. Prior to the filing of this suit, the undersigned attorney, on July 25, 2016, on behalf of Mr. Pennie, wrote to the Lucky Defendants president and registered agent, Nancy Dai, detailing the Property's and Legends Bar & Grill's failures to comply with the ADA and requesting that they have their attorney contact the undersigned within ten days of receipt to resolve these failures by agreeing to provide accessible parking, accessible routes, and accessible restrooms to ADA standards by a date certain.[29]

45. Legends president and registered agent Jacques Franklin was copied the letter by certified mail.

46. There was no response by either entity.

47. On September 2, 2016 the undersigned attorney prepared a draft of this complaint and again wrote to the Lucky Defendants president and registered agent, Nancy Dai, and to Legends president and registered agent Jacques Franklin, by certified mail and by regular mail, and again requesting that they have their attorney contact the undersigned within ten days of receipt to resolve these failures by agreeing to a written settlement with remediation set out and paying attorneys' fees to the date of settlement and minimum civil rights damages set out in the THRC.[30]

---

[28] 42 USC §12183(a)(2); 28 CFR 36.403(a).

[29] *See* letter attached as Exhibit C. __

[30] *See* letter attached as Exhibit D.

---

*COMPLAINT* Page 8

48.     There was no response to this demand.

49.     What is clear is that Defendants have been given multiple chances to remediate the Property and Legends Bar & Grill and failed to remove barriers where it would cost very little, but are a major impediment to individuals with disabilities like Mr. Pennie and DDMA's members who use wheelchairs for mobility.

50.     Under the law, both the landlord who owns the real property and the tenant who owns or operates the public accommodation are liable for ADA violations.  As between those parties, allocation of responsibility for complying with ADA barrier removal may be determined by lease or other contract,[31] but both are liable under the ADA.

51.     Despite the architectural barriers Mr. Pennie encountered, he would use the Property if he were able to park his vehicle and use the bathroom.

## CAUSES OF ACTION
## Count 1
## ADA Title III Failure to Remove Where Readily Achievable

52.     The ADA places an ongoing obligation on all public accommodations to remove architectural barriers from existing facilities if that removal is readily achievable.[32]  Defendants discriminate against Mr. Pennie and DDMA's members on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the Property in that, the Lucky, LP leases to a public accommodation and Legends operates a public accommodation at the Property that does not afford to Mr. Pennie and the members of DDMA the full and equal use and or enjoyment of or access to the goods, services, facilities, privileges, advantages, and accommodations available to its able bodied patrons as required by law because it has failed to remove those barriers where the removal was readily achievable.

53.     As a direct and proximate result of Defendants denial of appropriate and dignified access into and use of the Property, each has deprived Plaintiff's of their civil liberties and thereby discriminated

---

[31] *See* 36 C.F.R. 201 (b).

[32] 42 USC 12182(b)(2)(A)(iv); 28 CFR Part 36.304(b).

*COMPLAINT* Page 9

against them.

## Count 2
## ADA Title III Failure to Make Useable Alterations

54.     The ADA requires that when a facility or part thereof that is altered by, on behalf of, or for the use of a public accommodation in a manner that affects or could affect the usability of the facility or part thereof, alterations must be made in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, including the parking and path of travel into and throughout the facility.[33]

55.     Legends', Lucky, Inc.'s, and Lucky, LP's failure to provide accessible parking and an accessible path of travel into and throughout the facility when they engaged in the initial construction of parking, access aisles, and curb ramps, resurfacing and restriping, or build out is a failure to make the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs is discrimination and denied Mr. Pennie and DDMA's members appropriate and dignified access into and use of the Property and has deprived Plaintiffs of their civil liberties and thereby discriminated against them.[34]

## Count 3
## Tex. Hum. Res. Code - Discrimination

56.     TEX. HUM. RES. CODE § 121.003(a) provides that persons with a disability have the same right as the able-bodied to the full use and enjoyment of any public facility in the state.

57.     TEX. HUM. RES. CODE § 121.003(d)(1) specifically provides that failure to comply with the provisions of the TABA is discrimination.

58.     TEX. HUM. RES. CODE §121.004(b) provides that any person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction, and there is a conclusive presumption of damages in the amount of at least $300.00 to

---

[33] 42 USC §12183(a)(2).

[34] *Id.*

*COMPLAINT*                                                                                                                 Page 10

the person with a disability.

59. Defendants have violated TABA[35] by engaging in renovations at the Property and failing to design and construct buildings and facilities on or after January 1, 1993 to the extent required by the Texas Accessibility Standards issued by the Texas Department of Licensing and Regulation.[36]

60. As a direct and proximate result of Legends.'s and Lucky, LP's violations of the TABA as set forth above, Mr. Pennie and DDMA's members have been denied appropriate and dignified access into and use of the Property and Lucky, LP have violated their civil rights.

### *REQUEST FOR RELIEF*

DDMA and Mr. Pennie respectfully pray that the Court enter an order granting the following relief.

61. An order directing Defendants to remove the architectural barriers barring Mr. Pennie and DDMA's members from the full and equal access to the facilities of the Property enjoyed by those patrons who do not have a mobility impairment and for Defendants to provide correct accessible parking and correct accessible routes to the public accommodation on the Property, and to make the Property accessible to and usable by individuals with disabilities, consistent with the ADA Accessibility Guidelines for Buildings and Facilities and the Texas Accessibility Standards;

62. An entry of money judgment against the Defendants awarding DDMA and Mr. Pennie damages for violation of his and its members civil liberties and such further amount as may be shown by the evidence at trial.

63. An award to Mr. Pennie and DDMA of all attorney's fees, including litigation expenses and all costs; and;

64. An award to Mr. Pennie and DDMA for all other relief at law and in equity for which the Court deems appropriate.

Dated: September 20, 2016

---

[35] Tex. Civ. Stat. Art. 9102 Sec. 2(a)(4).
[36] TEX. GOV'T CODE §469.052.

Respectfully submitted,

*s/Kenneth Carden*
**KENNETH D. CARDEN**
Bar Card No. 03787300
Carden Law PLLC
1409 South Lamar # 601
Dallas, Texas 75215
Tel. 214.85.3535
Fax 214.485.3536
Carden@ADA-Law.com

**FRANCIS KEY**
SBN: 24097255
3132 Colgate
Tyler, TX, 75701
Tel. 903.749.3651
Fax 903.598.7950
francisjkey@gmail.com

**Attorneys for Mr. Pennie and Don't Dismyabilities, Inc.**